*717 OPINION OF THE COURT
Bernard S. Greenbaum, J.
Plaintiff commenced this action seeking to recover damages in the sum of $4,100 which he incurred due to buying a motor vehicle at an auction conducted by the defendant, a New York City Marshal, which vehicle was later confiscated by the police as a stolen vehicle.
A bench trial was conducted on February 26, 1998. Based upon the credible evidence adduced thereat, this court makes the following findings of fact and conclusions of law. This court also notes that, although given an opportunity to do so, the defendant did not submit a posttrial memorandum of law.
The defendant, a New York City Marshal, received notification from the New York City Parking Violations Bureau that a judgment has been entered against one Joey Lavarco, under license plate number L933MR. While conducting a search, the defendant found a vehicle, a 1988 Nissan two-door model 300SX, with said license plate number. Defendant wrote down the vehicle identification number (VIN) and notified the New York City Police Department that he had seized said vehicle.
Defendant also checked with the New York State Department of Motor Vehicles (NYS DMV) in Albany, New York, and received a report back showing that license plate number L933MR was registered to Joey Lavarco but under a different VIN and vehicle, that is, a maroon four-door 1990 Jeep. Defendant again sent the Nissan VIN to Albany and stated at trial, without producing any written evidence, that Albany had no recorded owner for that VIN.
Defendant then checked with the police department to see if there had been a report of a stolen Nissan under said VIN. The report came back negative. Defendant then notified Joey Lavarco that he was selling the Nissan at auction.
Defendant contends that he did all that was required of him as a New York City Marshal. He conducted an auction sale and plaintiff purchased the vehicle for $3,000 plus $247.50 sales tax and paid $54.25 storage fee. The conditions of sale, which plaintiff accepted, contain the following clauses, to the effect that the sale purchase was “as is” and that the defendant made no warranty, express or implied, as to the quality or fitness of any of the vehicles. No claim can, therefore, be presented against the Marshal.
Plaintiff contends that, in addition to the costs of the auction, he also took the vehicle to a repair shop and spent $595 *718 for various repairs to the vehicle. Plaintiff then attempted to have the vehicle registered but was told by the NYS DMV that the car had been stolen. A report had been made by the owner of the car, Todd Grossman, two days after the sale. The police then confiscated the car and returned it to the rightful owner.
This court finds that the Marshal is liable for the following reasons:
(1) This is a void contract since the Marshal could not sell title to the vehicle, the Nissan, because his mandate from the New York City Parking Violations Bureau permitted him to levy execution only against a vehicle owned by Joey Lavarco. Joey Lavarco never owned the 1988 Nissan which the Marshal sold at auction to the plaintiff herein. Therefore, the sale was void because the Marshal sold a nonexisting title. The plaintiff is, therefore, entitled to a refund of all monies he paid, that is, the $3,000 purchase price plus $247.50 sales tax and $54.25 storage fees; and
(2) The plaintiff took the vehicle to a repair shop and expended the sum of $595 for various repairs to the vehicle. The only way for plaintiff to recover this money would be if the Marshal was grossly negligent in failing to check to see to whom the vehicle belonged. The Marshal had already been alerted to the fact that the plate number on the vehicle was for a 1990 four-door Jeep and not a 1988 two-door Nissan. The Marshal contended that all he did after this was to check to see if the vehicle was reported stolen. The plaintiff never raised additional evidence as to what the Marshal could have done to identify title.
However, this court is taking judicial notice of the fact that there is a second way of verifying the ownership of a vehicle. There was no showing by the defendant that the 1988 Nissan did not have a New York State registration sticker on the windshield. The numbers on this registration sticker would have enabled the Marshal to verify the actual owner of the vehicle and whether that owner was Joey Lavarco. This court holds that the failure of the Marshal to do so constitutes gross negligence. Therefore, the plaintiff is also entitled to be reimbursed for the $595 repair bill.
Accordingly, judgment is awarded to plaintiff in the sum of $3,896.75 with interest from July 13, 1996 together with costs and disbursements.